UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60164-CIV-COHN

ALPHONSE PIERRE,

      Plaintiff,

v.

FORT LAUDERDALE POLICE
DEPARTMENT,

      Defendant.

_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Alphonse Pierre's Complaint

[DE 1].  The Court has considered the Complaint and is otherwise advised in the

premises.  Because Plaintiff has not paid a filing fee, the Court conducts a screening

pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

On January 24, 2013, Plaintiff brought this action pursuant to 42 U.S.C.

§ 1983 against Defendant Fort Lauderdale Police Department ("FLPD").  The suit arises

from an alleged altercation between Plaintiff and FLPD's police officers that took place

at Plaintiff's apartment on June 17, 2007.  Plaintiff claims that his neighbor, "Mr. Max,"

called the police to complain that Plaintiff's music was too loud.  See Compl. at 1.

When the police arrived at Plaintiff's apartment, they allegedly tased Plaintiff, arrested

him, and took him to the Broward County Main Jail.  See id. at 2.  Plaintiff further claims

that the entire incident was coordinated ahead of time by the neighbors and the police

officers.  Id.  Plaintiff alleges that he brought a complaint to the Florida Department of

Law Enforcement, but that they ignored him in order to cover up the conduct of certain disbarred attorneys and former judges.  Id.  Plaintiff requests that the "United States District Court, Southern District of Florida Civil Rights Division investigates this matter and prosecutes pirate lawyers and police officers involved with this violation."  Id. at 3.

## II. LEGAL STANDARD

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Section 1915 reads in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . .
>
> (B) the action or appeal--
>     (i)     is frivolous or malicious;
>     (ii)    fails to state a claim on which relief may be granted; or
>     (iii)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1]  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").  However, even if a complaint properly states a claim, it may still be dismissed as frivolous if it is clear that an affirmative defense would bar the suit.  See Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640-41 (11th Cir. 1990).

At this stage of litigation, the allegations of a complaint are taken as true and are

---

[1]  "Section 1915(e) applies to all [in forma pauperis] litigants [including] prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."  Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

construed in the light most favorable to the plaintiff.  Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

### III. ANALYSIS

Upon review of the Complaint, the Court finds that dismissal is warranted because Plaintiff's claim is frivolous.  The Court notes that Plaintiff has filed nearly-identical complaints in two previous cases based on the same incident underlying the present case.  See Pierre v. Fort Lauderdale Police Dep't, Case No. 11-62239-CIV-DIMITROULEAS/SNOW (S.D. Fla. filed Oct. 17, 2011) ("the first case"); Pierre v. Fort Lauderdale Police Dep't, Case No. 12-62456-CIV-COHN/SELTZER (S.D. Fla. filed Dec. 11, 2012) ("the second case").  In the first case, after reviewing the Complaint, the Court issued an Order to Show Cause Why This Cause Should Not Be Dismissed as Time-Barred by the Statute of Limitations [First Case, DE 6] ("Order to Show Cause"), in which it pointed out that the statute of limitations for § 1983 actions brought in Florida is four years.  See Order to Show Cause at 2 (citing McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008), cert. denied, 128 S.Ct. 2914 (2008)).  Plaintiff failed to timely respond to the Order to Show Cause, and the Court dismissed the action.  See Order Dismissing Case [First Case, DE 9].  Two months later, Plaintiff filed a Motion to Reopen the Case [First Case, DE 10], in which Plaintiff failed to respond to the statute of limitations issue, and instead reasserted all of the allegations in his Complaint with

3

greater detail.  The Court denied that motion, and the first case remains closed.

See Order Denying Mot. to Reopen Case [First Case, DE 11].

In the second case, the Court once again found that Plaintiff's suit would be

time-barred, explaining that

> The four-year statute of limitations on § 1983 actions runs from the date
> the plaintiff knew that he was injured, and knew who caused the injury.
> See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).  Here,
> Plaintiff claims that he was injured on June 17, 2007.   He was plainly
> aware of his alleged injury on the day it occurred, and knew that members
> of FLPD had caused it.  Therefore, the last day on which Plaintiff could
> have timely brought this claim was June 17, 2011.  It was filed on
> December 11, 2012, and is thus barred by the statute of limitations.

Accordingly, the Court dismissed the Complaint.  In the present case, Plaintiff filed suit

on January 24, 2013, bringing a claim under § 1983 for injuries that occurred on June

17, 2007.[2]  Once again, because of the four-year statute of limitations on § 1983

actions, this action would be time-barred.  Accordingly, the Complaint must be

dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Complaint [DE 1] is **DISMISSED with**

**prejudice**.  All other pending motions are **DENIED as moot**, and the Clerk of Court is

directed to **CLOSE** this case**.**

---

[2]  Plaintiff represents that he is "experiencing retaliation from the authorities."
See Compl. at 2.  But in describing the alleged retaliation, he only refers to the injuries
he suffered on June 17, 2007.  See id.  Accordingly, the Court construes this claim as
referring to the injuries he suffered on June 17, 2007, and not any subsequent harms.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 25th day of January, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:

Alphonse Pierre, *pro se*
4290 NW 19th Street
Apartment #H202
Lauderhill, FL 33313